IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

DEWEY BELLOWS OPERATING § 
COMPANY, LTD., §
    Plaintiff, §
 § CIVIL ACTION NO. V-14-042
v. §
 §
ADMIRAL INSURANCE COMPANY, §
    Defendant. §

## **MEMORANDUM AND ORDER**

This insurance coverage dispute is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 12] filed by Defendant Admiral Insurance Company ("Admiral"), to which Plaintiff Dewey Bellows Operating Company ("Dewey Bellows") filed a Response [Doc. # 14], and Admiral filed a Reply [Doc. # 15]. Having considered the full record and applicable legal authorities, the Court **grants** Admiral's Motion.

### **I.    BACKGROUND**

Dewey Bellows is the insured under a commercial general liability insurance policy (the "Policy") issued by Admiral. The Policy contains a provision excluding coverage for claims "arising out of assault and battery."

Kimberly Green filed a wrongful death lawsuit in Texas state court ("Texas Lawsuit") on her own behalf, on behalf of her two minor children, and as the Representative of the estate of Dyron Green, deceased. *See* Original Petition in Texas Lawsuit, Exh. A to Motion. Also a plaintiff in the Texas Lawsuit is Keyonia Jones on behalf of her minor child. Plaintiffs in the Texas Lawsuit allege that Dyron Green, while employed by Dewey Bellows, was shot and killed by a co-worker, Milton Tyrone Mitchell. Plaintiffs in the Underlying Lawsuit allege that Dewey Bellows was negligent in hiring and retaining Mitchell, and in failing to prevent him from bringing a loaded weapon to the workplace.

Dewey Bellows filed this lawsuit against Admiral, seeking a declaratory judgment that Admiral owes coverage under the Policy and has a duty to defend Dewey Bellows in the Underlying Lawsuit. Admiral filed the pending Motion, seeking summary judgment that it owes neither a duty to defend nor a duty to indemnify. The Motion has been fully briefed and is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d

1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

## III. ANALYSIS

### A. Interpretation of Insurance Contracts

Under Texas law, the insured has the initial burden to show coverage under the Policy, while the insurer has the burden to show that an exclusion applies. *See Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 691-92 (5th Cir. 2010); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). Insurance contracts are interpreted according to general rules of contract interpretation and construction, and a court's primary concern is to ascertain the parties' true intent as expressed in the written instrument. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995); *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 271 (5th Cir. 2011). When there is doubt regarding the duty to defend, such doubt is resolved in favor of the insured. *See*

*Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing Texas law).

When analyzing an insurer's duty to defend, Texas courts strictly follow the "eight corners rule." *See GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305 (Tex. 2006); *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. 2012); *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 596 (5th Cir. 2011). As stated by the Texas Supreme Court:

> Under the eight-corners or complaint-allegation rule, an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations. The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant. Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination and allegations against the insured are liberally construed in favor of coverage.

*GuideOne*, 197 S.W.3d at 308 (internal citations omitted); *see Gilbane*, 664 F.3d at 596 (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)). The Texas Supreme Court has never expressly recognized an exception to the eight corners rule. *See ACE*, 699 F.3d at 840. An insurer owes its insured a duty to defend when the pleadings allege facts that potentially state at least one cause of action within the policy's coverage. *See Northfield Ins.*, 363 F.3d at 528 (applying

Texas law); *PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.*, 515 F. App'x 310, 313 (5th Cir. 2013).

### B. Assault and Battery Exclusion

Admiral asserts that coverage under the Policy for the Underlying Lawsuit is excluded by the "assault and battery" exclusion. The Policy provides there is no coverage for bodily injury "arising out of assault and battery." "When an exclusion precludes coverage for injuries 'arising out of' described conduct, the exclusion is given a broad, general, and comprehensive interpretation." *Scottsdale Ins. Co. v. Tex. Sec. Concepts and Investigation*, 173 F.3d 941, 943 (5th Cir. 1999). "A claim need only bear an incidental relationship to the described conduct for the exclusion to apply." *Id.* (citing *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 370 (5th Cir. 1998)).

Dewey Bellows argues that the claim in the Underlying Lawsuit does not arise out of an assault and battery but, instead, arises out of a murder. Plaintiffs in the Underlying Lawsuit, however, do not allege specifically that Mitchell murdered Green. The specific factual allegation in the Underlying Lawsuit is that Mitchell "shot Mr. Green" who "died from his injuries." *See* Petition in Underlying Lawsuit, Exh. 2 to Motion, ¶ 3.1. The Texas Penal Code provides that a person commits an assault if the person: "(1) intentionally, knowingly, or recklessly causes bodily injury to another, [or] (2) intentionally or knowingly threatens another with imminent bodily

injury." TEX. PENAL CODE § 22.01(a); *see also Atain Specialty Ins. Co. v. Chang*, 2012 WL 2194116, *2 (S.D. Tex. June 14, 2012). Plaintiffs in the Underlying Lawsuit allege that Mitchell deliberately shot Green, which necessarily involves intentionally causing bodily injury to Green. This conduct, as alleged by Plaintiffs in the Underlying Lawsuit, constitutes an assault under Texas law.

Even if Plaintiffs in the Underlying Lawsuit alleged a murder, for purposes of an insurance coverage dispute, an "assault and battery" exclusion applies to assaults that result in the death of the person assaulted. *See Coleman v. Acceptance Indem. Ins. Co.*, 369 F. App'x 595, 597 (5th Cir. Mar. 12, 2010); ("assault and battery" exclusion applied to shooting death); *Acceptance Ins. Co. v. Walkingstick*, 887 F. Supp. 958, 962 (S.D. Tex. 1995) ("assault and battery" exclusion applied to shooting death); *Audubon Indem. Co. v. Patel*, 811 F. Supp. 264, 265 (S.D. Tex. 1993) ("assault and battery" exclusion applied to claim by victim who was "fatally wounded . . . with a handgun"); *Markel Int'l Ins. Co. Ltd. v. A-Mart*, 2007 WL 3231430, *2 (S.D. Tex. Oct. 7, 2007) ("assault and battery" exclusion applied to shooting death); *Exxex Ins. Co. v. Bhavan, Inc.*, 2002 WL 1398551, *4 (N.D. Tex. June 26, 2002) ("assault and battery" exclusion applied to shooting death); *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536, 538 (Tex. App. – Dallas 1989, writ denied) ("assault and battery" exclusion applied to shooting death). Consequently, the Court rejects Dewey

Bellows's argument that the exclusion does not apply in this case because Green died as a result of the assault and battery.

Dewey Bellows argues also that the "assault and battery" exclusion does not apply because the claim in the underlying lawsuit is for negligence. This argument is contrary to clearly-established legal authority. *See Northfield Ins. Co. v. Adams*, 158 F.3d 584, *4 (5th Cir. Sept. 8, 1998) (unpublished) (applying "assault and battery" exclusion to claims of negligent hiring and retention); *Am. Western Home Ins. Co. v. Israel*, 747 F. Supp. 2d 785, 791 (S.D. Tex. 2010) ("an assault and battery exclusion precludes coverage regardless of the cause of action stated in an underlying lawsuit when the injuries complained of resulted from an assault and battery"); *Archie v. Acceptance Indem. Ins. Co.*, 2012 WL 1715836, *4 (N.D. Miss. May 14, 2012) (applying "assault and battery" exclusion to negligent hiring claim). Consequently, the "assault and battery" exclusion applies to the claim in the Underlying Lawsuit even though it is denominated a negligence claim.

The negligence claim in the Underlying Lawsuit is based on the factual allegation that Mitchell shot Green. As a result, the claim is one "arising out of assault and battery" and the "assault and battery" exclusion applies. Admiral is entitled to summary judgment that it owes Dewey Bellows no duty to defend in the Underlying Lawsuit.

## C. Duty to Indemnify

Under Texas law, the duty-to-indemnify issue is generally not justiciable until the underlying suit is concluded, unless "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (quoting *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex.1997)). In this case, the Underlying Lawsuit is ongoing. Although it appears unlikely that Admiral would have a duty to indemnify, the Court exercises its discretion to await the conclusion of the Underlying Lawsuit before deciding the indemnity issue. The case will be stayed and administratively closed until the duty-to-indemnify issue becomes unquestionably ripe.

## IV. CONCLUSION AND ORDER

The "assault and battery" exclusion applies to the claims in the Underlying Lawsuit. As a result, Admiral does not owe Dewey Bellows a duty to defend. The duty to indemnify is not yet ripe for decision. Accordingly, it is hereby

**ORDERED** that Admiral Insurance Company's Motion for Summary Judgment [Doc. # 12] is **GRANTED** and Admiral does not have a duty to defend Admiral in *Kimberly Green, et al. v. Dewey Bellows Operating Company, Ltd.*, Cause No. 25,532 in the 25th Judicial District Court of Gonzales County, Texas. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** until such time as the Underlying Lawsuit is finally resolved and the indemnification issue becomes ripe. Counsel are directed to advise the Court in writing when the Underlying Lawsuit is concluded and move for reinstatement of this case on the Court's active docket to resolve open issues or to dismiss, as appropriate.

SIGNED at Houston, Texas, this **14th** day of **November, 2014**.

Nancy F. Atlas
United States District Judge